UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLEN & OVERY, AN AUSTRALIAN PARTNERSHIP, AND ALLEN & OVERY, LLP, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION H-21-02922 |
| FRED B. ZAZISKI., | § § | |
| *Defendant*. | § § | |

## MEMORANDUM & ORDER

Pending before the court is the plaintiffs Allen & Overy, an Australian Partnership, and Allen & Overy, LLP's, (collectively, "Allen & Overy") motion for default judgment. Dkt. 7. After reviewing the motion, exhibits, and applicable law, the court is of the opinion that the motion should be granted.

## LEGAL STANDARD

Under Rule 55, courts may enter default judgment where an opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(b)(2); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The Fifth Circuit instructs that a default judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citations omitted). Thus, a plaintiff is not entitled to a default judgment as a matter of right, even if default has been entered against a defendant. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Rather, a default judgment "must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings." *Wooten v. McDonald Transit Assocs. Inc*., 788 F.3d 490, 498 (5th Cir. 2015)

(internal quotations and citations omitted). The well-pleaded allegations in the complaint are assumed to be true, except those regarding damages. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

## DISCUSSION

Allen & Overy filed this case on September 8, 2021, and properly served defendant Fred B. Zaziski ("Zaziski") with its complaint, a summons, and this court's scheduling order on September 10, 2021. Dkts. 1, 5. Accordingly, Zaziski's answer—or some other responsive pleading—was due on October 1, 2021. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). To date, Zaziski has not answered, filed a Rule 12(b) motion, or otherwise made an appearance. By failing to answer or otherwise respond to the complaint, Zaziski has admitted to the complaint's well-pleaded allegations. *See Nishimatsu*, 515 F.2d at 1206. Therefore, entry of default is appropriate.

The court next turns to whether entry of default judgment is appropriate. Three inquiries weigh on that consideration: (1) whether the entry of default judgment is procedurally warranted; (2) whether the substantive merits of the plaintiff's claim as stated in the complaint provide a sufficient basis for default judgment; and (3) whether and what relief the plaintiff should receive. *Neutral Gray Music v. Tri-City Funding & Mgmt. LLC.*, 4:19-CV-04230, 2021 WL 1521592, at *2–3 (S.D. Tex. Mar. 30, 2021).

**A. A default judgment is procedurally warranted.**

In determining whether entry of a default judgment is procedurally appropriate, courts look to six factors:

1. Whether material issues of fact are in dispute;
2. Whether there has been substantial prejudice to the plaintiff;
3. Whether the grounds for default are clearly established;

4. Whether the default was caused by a good-faith mistake or excusable neglect on the defendant's part;

5. Whether the default judgment is inappropriately harsh under the circumstances; and

6. Whether the court would think itself obliged to set aside the default upon motion by the defendant.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (citing 10 Wright & Miller, *Federal Practice and Procedure* § 2685 (2d ed. 1983)).

Each factor weighs in favor of Allen & Overy. First, the complaint's allegations are assumed to be true. *See Nishimatsu*, 515 F.2d at 1206. Second, the complaint's factual allegations evidence the Allen & Overy's significant financial injury: Zaziski has yet to pay for legal services valued at $387,300.01. *See* Dkt. 11, Exs. 1, 2. Allen & Overy alleges that despite receiving multiple notices with attendant invoices and a payment demand letter, Zaziski has not paid his balance. Dkt. 7 at 5. Zaziski's failure to respond has effectively impeded Allen & Overy's ability to recover, prejudicing it further. Fourth, there is no evidence to suggest that Zaziski's failure to respond was caused by a good-faith mistake or excusable neglect. Allen & Overy personally served Zaziski with the summons, complaint, and the court's order for conference at his residence in Spring, Texas on September 10, 2021. Dkt. 5. Allen & Overy filed the instant motion for default judgment on October 25, 2021, and served it on Zaziski via certified mail that same day. Dkt. 7 at 7. Over two months later, Zaziski has yet to respond. Fifth, Zaziski's failure to respond to Allen & Overy's complaint nearly four months after it was filed underscores that entering default judgment is not too harsh under the circumstances. *See* Dkt. 1. Sixth, and finally, there is nothing on the face of the record that would lead the court to vacate a default judgment were Zaziski to challenge it later. Therefore, a default judgment is procedurally warranted.

### B. A default judgment is substantively warranted

In determining whether entry of a default judgment is substantively warranted, courts ask whether the complaint satisfies Rule 8's "short and plain statement" requirement. *See* Fed. R. Civ. P. 8(a)(2); *Wooten*, 788 F.3d at 497–98. Though Rule 8 does not demand "detailed factual allegations," it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009).

The complaint's factual allegations are sufficient to satisfy this low bar. Allen & Overy alleges that: (1) Zaziski engaged Allen & Overy to perform legal work; (2) Allen & Overy provided Zaziski with legal services; (3) Zaziski failed to pay his bills for legal services provided from October 2020 through December 2020; (4) Allen & Overy notified Zaziski of his outstanding bills multiple times and sent him a demand letter; and (5) Zaziski has yet to pay his bill. *See* Dkts. 1, 7, and 11. Therefore, a default judgment is substantively warranted.

### C. Appropriate Remedies

Allen & Overy requests damages in the amount of $387,300.01, plus interest, costs of suit, and post-judgment interest at 0.09% pursuant to 28 U.S.C. § 1961(c). Dkt. 7 at 5–6.

Rule 55(b)(2) provides for a hearing for an accounting or to determine the damages owed to the moving party. Ordinarily, the court may not award damages upon default judgment "without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp. v Freeman*, 605 F2d 854, 857 (5th Cir. 1979). However, where the requested damages can be "determined with certainty" from the pleadings and supporting documents, and a hearing would reveal no pertinent information, the court need not "jump through the hoop of an evidentiary hearing." *James v. Frame*, 6 F.3d 307, 310–11 (5th Cir. 1993).

Allen & Overy has included affidavits and invoices detailing Zaziski's liabilities with certainty and precision. *See* Dkts. 10, 11 Exs. 1–11. Accordingly, the court finds that holding a hearing to determine the damages Zaziski owes to Allen & Overy is unnecessary. *See James*, 6 F.3d at 310–11.

Accordingly, it is ORDERED that plaintiffs Allen & Overy motion for default judgment (Dkt. 7) is GRANTED.

IT IS FURTHER ORDERED that the clerk shall enter the default of defendant Fred B. Zaziski.

IT IS FURTHER ORDERED that DEFAULT JUDGMENT is ENTERED in favor of plaintiffs Allen & Overy and against defendant Fred B. Zaziski, pursuant to Federal Rule of Civil Procedure 55(b)(2).

IT IS FURTHER ORDERED that plaintiffs Allen & Overy are AWARDED final judgment in their favor and against defendant Fred B. Zaziski and that defendant Fred B. Zaziski is liable to Allen & Overy for actual damages in the amount of $387,300.01, plus interest, costs of suit, and post-judgment interest at 0.09% pursuant to 28 U.S.C. § 1961(c) that continues to accrue until paid. A separate final judgment will issue in accordance with this order.

The Clerk of the Court is DIRECTED to serve a copy of this Order on Defendant Fred B. Zaziski via certified mail, return receipt requested, at the following address:

    Fred B. Zaziski
    15 Lochbury Court
    Spring, Texas 77379

Signed at Houston, Texas on January 3, 2022.

_____
Gray H. Miller
Senior United States District Judge